O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DESIREE L. SALAS, | ) | NO. CV 06-3855-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on June 23, 2006, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on July 25, 2006.

Plaintiff filed a motion for summary judgment on November 15, 2006. Defendant filed a cross-motion for summary judgment on December 13, 2006. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed June 27, 2006.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserted disability based on alleged mental problems (Administrative Record ("A.R.") 44-54, 228-43).  An Administrative Law Judge ("ALJ") issued a decision in 2003, finding Plaintiff not disabled (A.R. 18-21) ("the prior decision").

Following a stipulated remand, the ALJ again found Plaintiff not disabled (A.R. 260-64).  Specifically, the ALJ found that Plaintiff retains "the residual functional capacity for simple routine work tasks, limited public contact, and limited contact with co-workers and supervisors" (A.R. 263).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards.  See DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991); Swanson v. Secretary of Health and Human Serv., 763 F.2d 1061, 1064 (9th Cir. 1985).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted).

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion."  Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987)

1  (citation and quotations omitted).  However, the Court cannot disturb
2  findings supported by substantial evidence, even though there may
3  exist other evidence supporting Plaintiff's claim.  See Torske v.
4  Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S.
5  933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied.  The Administration's findings are supported by substantial evidence and are free from material[1] legal error.

Plaintiff argues the ALJ improperly rejected the opinion of Dr. Chris H. Ho, an examining psychiatrist.  Plaintiff has failed to demonstrate any material error.

Dr. Ho's opinion largely supports the ALJ's conclusions. Dr. Ho opined Plaintiff "is able to follow simple instructions and attend to simple tasks. . . .  She is able to make simple social, occupational and personal adjustments" (A.R. 166-67).  The ALJ reasonably concluded that Dr. Ho believed Plaintiff "demonstrated an overall ability to perform simple tasks and adjust to the basic

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability.  See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991); see also Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

1  requirements of a normal workplace environment" (A.R. 20)[2] and "could
2  do simple work and have moderate levels of contact with the public
3  and with supervisors" (A.R. 262).

5    Plaintiff argues the ALJ did not account for Dr. Ho's findings
6  that Plaintiff has "moderate" limitations in certain work-related
7  functions (See Dr. Ho's "Medical Source Statement, etc." at A.R. 168-
8  69).  The Medical Source Statement itself, however, defines a
9  "moderate" limitation as one with which "the individual is still able
10 to function satisfactorily" (A.R. 168).  Accordingly, the ALJ's
11 failure to mention specifically Dr. Ho's opinions regarding various
12 "moderate" limitations did not effect material error.  See Rivera v.
13 Barnhart, 2006 WL 1227276 *3 n.63 (S.D. N.Y. May 5, 2006) ("By
14 definition, a person suffering from a moderate impairment 'is still
15 able to function satisfactorily'"); Hert v. Barnhart, 234 F. Supp. 2d
16 832, 836, 838 (N.D. Ill. 2002) (psychologist opined that the
17 plaintiff had moderate limitations in the ability to interact with
18 the public and supervisors and to respond to work pressure, but the
19 ALJ did not err in failing to attribute any vocational impact to
20 these limitations because "[m]oderate was defined on the form as
21 'there is moderate limitations in this area but the individual is
22 still able to function satisfactorily'").
23 ///
24 ///
25 ///

---

[2] The most recent administrative decision incorporated by reference the summaries of the evidence contained in the prior decision (A.R. 261).

**CONCLUSION**

For all of the foregoing reasons,[3] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 8, 2007.

                                      _____/S/_____
                                              CHARLES F. EICK
                                  UNITED STATES MAGISTRATE JUDGE

---

[3] The Court has considered and rejected each of Plaintiff's arguments. The Court discusses Plaintiff's principal arguments herein.